**IN THE COURT OF APPEALS OF IOWA**

No. 14-1472
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM FRANK FETNER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.


        William Fetner appeals his sentence following his guilty plea to driving while barred as a habitual offender and possession of marijuana, third or subsequent offense.  **AFFIRMED.**



        Travis M. Armbrust of Brown, Kinsey, Funkhouse & Lander, P.L.C., Mason City, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Carlyle Dalen, County Attorney, for appellee.



        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

William Fetner appeals his sentence following his guilty plea to driving while barred as a habitual offender and possession of marijuana, third or subsequent offense. Fetner claims the district court abused its discretion by exceeding the sentencing recommendations of the parties. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a) and (d).

On May 1, 2014, Fetner was charged with driving while barred as a habitual offender, pursuant to Iowa Code sections 321.560 and 321.561 (2013), and for possession of marijuana, third or subsequent offense, pursuant to section 124.401(5). Fetner entered a guilty plea. At the sentencing hearing in September, the parties and the presentence investigation report recommended a suspended sentence on the condition Fetner would reside at a residential treatment facility. The district court sentenced Fetner to an indeterminate prison term not to exceed two years in prison on count I, and an indeterminate term not to exceed five years in prison on count II to run consecutive to count I.[1] Fetner appeals from this sentence.

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724.

---

[1] Fetner acknowledged in his written plea of guilty that the sentencing recommendations of the parties were not binding on the court.

"The decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). Iowa Rule of Criminal Procedure 2.23(3) requires a trial court to state on the record its reasons for selecting a particular sentence. "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (citations omitted); *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) ("A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.").

Upon our review of the sentencing proceeding, we find the sentencing court considered multiple factors in determining Fetner should be placed in prison, rather than in a residential treatment facility. The district court did not abuse its discretion, and we affirm Fetner's sentence.

**AFFIRMED.**